**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN B. EDWARDS,
                    Appellant,

                    v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
SF-1221-16-0811-W-1

DATE: June 2, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald P. Ackerman, Esquire, Culver City, California, for the appellant.

Trenton Bowen, Keyport, Washington, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On review, the appellant raises a number of procedural arguments that he claims "resulted in unfavorable conditions for a proper decision to be made in this case." Petition for Review (PFR) File, Tab 1 at 6. First, he alleges that the hearing had to be postponed for a month because one of the witnesses was unavailable and that the time gap may "have made it difficult for the administrative judge to decipher between disputed testimony and fact." *Id.* This is inaccurate. The administrative judge afforded the parties a choice between going forward with the hearing as scheduled and reconvening at a later date to take the unavailable witness's testimony or rescheduling the entire hearing and the parties chose the former. Initial Appeal File, Tab 29. Moreover, administrative judges must frequently conduct hearings on nonconsecutive days or reconvene hearings to take the testimony of previously unavailable witnesses. The appellant's mere speculation that the administrative judge's adjudication of the case might have been compromised by the time gap between witnesses is not a sufficient reason to disturb the initial decision.

¶3    Second, the appellant asserts that it took more than 180 days from the conclusion of the hearing to the issuance of the initial decision, and he implies that the case was too complicated for the administrative judge to grasp because of

all the jargon and idiosyncratic regulations involved. PFR File, Tab 1 at 6-7. A delay between the date of the hearing and the issuance of the initial decision, without some evidence of prejudice, is not a basis for disturbing the initial decision. As to the complexity of the case, we disagree with the appellant's assumption that the unfamiliar jargon and rules in this case were materially more difficult than in the Board's other cases, and we do not find the legal issues in this appeal to be unusually complex.

¶4        Third, it appears that the appellant argues that the testimony of key witnesses for the agency went unrebutted because the appellant's counsel decided not to interpose objections "for fear of appearing confrontational or disrespectful." PFR File, Tab 1 at 7. We see no prejudice to the appellant's substantive rights because he had an opportunity to cross-examine the agency's witnesses if he preferred not to interpose objections. Counsel's tactical decisions concerning how to handle witnesses for the agency and the consequences flowing therefrom are his own responsibility and are not a reason to set aside the initial decision. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (stating that the appellant is responsible for the errors of his chosen representative).

¶5        Fourth, the appellant submits what he contends is new and material evidence in the form of an Inspector General report, issued 2 months after the conclusion of the hearing and received 1 month later, concluding that three of the appellant's four disclosures were substantiated. PFR File, Tab 1 at 7 & copy of report. The report was available to the appellant 3 months before the date of the initial decision, and the appellant has not explained why he did not send the report to the administrative judge. Under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The report is also not material because the issue in an IRA appeal is not whether the agency committed waste, fraud, abuse, etc., but whether

the agency retaliated against the appellant for reporting waste, fraud, and abuse. The Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).[2]

¶6      The appellant also alleges that the administrative judge erred by finding that the agency proved by clear and convincing evidence that it would have terminated him absent any protected activity. We have reviewed the record and the appellant's arguments, in particular his argument about changing electronic inventory entries. We find these arguments unpersuasive and conclude that the appellant has provided no basis to disturb the initial decision.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] After the record closed on review, the appellant filed a motion for leave to file an additional pleading in which he states that he has a 2018 "document and URL" that are pertinent to his case. PFR File, Tab 8. He does not describe the contents of the document he wishes to submit or explain how it might affect the outcome of his appeal. *Russo*, 3 M.S.P.R. at 349. Furthermore, although he states that the document was not available when his petition for review was due in 2017, he does not explain why he waited until April 28, 2022, to file a motion for leave to submit it. We therefore deny the appellant's motion. 5 C.F.R. §§ 1201.114(k), .115(d).

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.